# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHESTER O'QUINN, #K92939, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 18−cv−00008−MJR |
| K. JAIMET, SCOTT THOMPSON, and JOHN DOES, | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

Plaintiff Chester O'Quinn, an inmate who is currently incarcerated in Pinckneyville Correctional Center ("Pinckneyville"), brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. (Doc. 1). In his Complaint, Plaintiff claims that he has been housed in a cell without heat at Pinckneyville since November 26, 2017. (Doc. 1, p. 5). As a result, he has developed several medical complications which he attributes to the cold living conditions. *Id*. Plaintiff has asked Warden Jaimet, Assistant Warden Thompson, and several unknown officers to rectify the situation, but they have not done so to date. *Id*. Plaintiff now sues these defendants for violating his right to be free from cruel and unusual punishment under the Eighth Amendment. (Doc. 1). He seeks declaratory judgment and monetary damages against them. (Doc. 1, p. 6). He has also filed a Motion for Temporary Restraining Order and/or Preliminary Injunction, in which he seeks an Order requiring the defendants to immediately restore and maintain heat in his cell. (Doc. 6). Because of this request for emergency relief, the Court will immediately take up the case. *See Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680 (7th Cir. 2012). The Temporary Restraining Order shall be **GRANTED**.

1

This matter is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009). The Complaint survives screening and shall receive further review.

## **The Complaint**

Plaintiff alleges that he has had no heat in his cell (*i.e.*, Cell 6A-25) at Pinckneyville since November 26, 2017. (Doc. 1, p. 5). Plaintiff noticed the problem when he transferred into the cell on that date. *Id.* For the first time on December 6, 2017, he informed Assistant Warden

2

Thompson that the heater in his cell appeared to be broken. *Id*. Plaintiff asked Thompson to address the issue, but the assistant warden ignored his written request. *Id*.

Plaintiff sent an emergency grievance to Warden Jaimet on December 15, 2017. (Doc. 1, p. 5). The warden was supposed to respond to the grievance within 7-10 days. *Id*. However, Plaintiff received no response. *Id*. On December 25, 2017, he sent a grievance to the counselor. *Id*. It is unclear whether the counselor ever responded. *Id*.

Three days later on December 28, 2017, Plaintiff asked a major to look at the heater in his cell. (Doc. 1, p. 5). The major agreed to do so. *Id*. When he did, the major said, "[Y]ou [are] right[.] It's not on and it's cold in here." *Id*. He instructed a wing officer to put in a work order for repair of the heater.

Heat was restored to Plaintiff's cell the same day, but only for thirty minutes, *i.e.*, from 12:30 - 1:00 p.m. (Doc. 1, p. 5). At 1:00 p.m. on December 28, 2017, the heat shut off and remained off until January 1, 2018. *Id*. In preparation for a compliance check on January 1, 2018, an officer turned the heat in Plaintiff's cell back on from 7:00 – 11:30 a.m. *Id*. Once the compliance check was complete, the heat was shut off until the following day. *Id*. On January 2, 2018, the heat was turned back on in his cell from 9:00 – 10:30 a.m. *Id*. In all, Plaintiff has had heat in his cell for 6½ hours since November 26, 2017. *Id*.

Plaintiff suffers from numerous health issues, including hypertension, diabetes, nerve damage, degenerative disc disease, and mental illness, and he claims that the cold temperatures have caused several related medical issues to develop. (Doc. 1, p. 5). His legs and feet have become swollen, and he suffers from pain in his wrists, hands, neck, and back. *Id*. Plaintiff fears that he will lose a limb to the cold temperatures. *Id*. In addition, he has many scars on his chest that have begun to bleed. *Id*. Plaintiff describes his cell as being so cold that it feels like he is

living outside. *Id*. He claims that prison officials are aware of his numerous medical issues and the cold cell temperatures, but they have taken no action to address the conditions because they want him to request a cell transfer. *Id*.

**Discussion**

Based on the allegations, the Court finds it convenient to divide the claims in the *pro se* Complaint into the following enumerated counts:

> **Count 1 –** Defendants subjected Plaintiff to unconstitutional conditions of confinement in violation of the Eighth Amendment when they failed to maintain heat in his cell at Pinckneyville beginning on November 26, 2017.
>
> **Count 2 –** Defendants exhibited deliberate indifference to Plaintiff's serious medical needs when they disregarded symptoms of swelling, pain, and bleeding allegedly caused by the cold temperatures in his cell beginning on November 26, 2017.
>
> **Count 3 -** Defendants violated Plaintiff's right to due process of law when they ignored or disregarded his grievances addressing the lack of heat in his cell.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion regarding their merit.

**Claim Subject to Further Review**

**Count 1**

The Eighth Amendment prohibits the cruel and unusual punishment of prisoners. *See Budd v. Motley,* 711 F.3d 840, 842 (7th Cir. 2013) (citing *Rice ex rel. Rice v. Corr. Med. Servs.,* 675 F.3d 650, 664 (7th Cir. 2012)). Prison officials violate the Eighth Amendment when they show deliberate indifference to adverse conditions that deny inmates "the minimal civilized measure of life's necessities." *Budd*, 711 F.3d at 842 (citing *Farmer v. Brennan*, 511 U.S. 825,

834 (citation omitted)). Life's necessities include adequate shelter and heat. *See, e.g., Haywood v. Hathaway*, 842 F.3d 1026 (7th Cir. 2016) (no heat combined with leaky windows for three or four days in the dead of winter deemed objectively, sufficiently serious). *See also Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006); *Dixon v. Godinez*, 114 F.3d 640, 643 (7th Cir. 1997) ("[M]ost successful Eighth Amendment claims often involve allegations of cold in conjunction with other serious problems.") (citing *Ramos v. Lamm*, 639 F.2d 559 (10th Cir. 1980) (cold, defective plumbing, excessive mold and fungus, and pest infestation)).

Plaintiff describes conditions in his cell that pose a substantial risk of serious harm to him. The lack of heat combined with prolonged, frigid exterior temperatures suggest that he was exposed to unusually cold conditions in his cell. The fact that he felt like he was "living outside" also supports this conclusion. (Doc. 1, p. 5). The medical conditions Plaintiff describes may or may not have been exacerbated by the cold. *Id*. But construing the allegations in Plaintiff's favor, as this Court is required to do at this early stage, the Court finds that the conditions described are objectively serious.

This does not end the analysis. To state a claim for unconstitutional conditions of confinement, the allegations must also suggest that a particular prison official had a sufficiently culpable state of mind. *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). In this case, the relevant state of mind is deliberate indifference to inmate health or safety. *Farmer*, 511 U.S. 837; *Wilson*, 501 U.S. at 303; *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Del Raine v. Williford*, 32 F.3d 1024, 1032 (7th Cir. 1994). The official must be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he also must draw the inference. The Complaint supports a deliberate indifference claim against Assistant Warden Thompson and Warden Jaimet under this standard. Plaintiff alleges that he notified each of these defendants

5

about the lack of heat in his cell and the cold conditions, but they ignored his complaints. Given these allegations, the Court cannot dismiss Count 1 against either of these defendants.

The Court will not allow Plaintiff to proceed with this claim against any "John Doe" defendants. Although Plaintiff identified several unknown correctional officers as "John Doe" defendants in the case caption and in his list of defendants, he did not mention any in his statement of claim. (Doc. 1, pp. 1-2, 5). He instead refers to a major, a counselor, a wing officer, and another officer, but it is unclear whether he intended to name any of these individuals as defendants in this action. (Doc. 1, p. 5). This decision is not for the Court to make. *See* FED. R. CIV. P. 10(a) (noting that the title of the complaint "must name all the parties"); *Myles v. United States*, 416 F.3d 551, 551-52 (7th Cir. 2005) (holding that to be properly considered a party, a defendant must be "specif[ied] in the caption"). Count 1 shall therefore be dismissed without prejudice against the "John Doe" correctional officers.

## Claims Subject to Dismissal

### Count 2

The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *see Erickson v. Pardus*, 551 U.S. 89, 94 (2006) (*per curiam*). An Eighth Amendment claim based on the denial of medical care consists of an objective and a subjective component. To state a claim, a prisoner must show that: (1) he suffered from a sufficiently serious medical need (*i.e.*, an objective requirement); and (2) state officials acted with deliberate indifference to the prisoner's medical need (*i.e.*, a subjective requirement). *Farmer*, 511 U.S. at 834; *Chapman v. Keltner*, 241 F.3d 842, 845 (7th Cir. 2001). For screening purposes, the Court assumes without deciding that Plaintiff suffered from one or more serious medical needs that

satisfy the objective component of this claim. Even so, the allegations do not suggest that any defendant responded to his medical needs with deliberate indifference. This subjective standard is satisfied in this context when "the official knows of and disregards an excessive risk to inmate health or safety." *Lloyd v. Moats*, -- F. App'x --, 2017 WL 6728519, at *3 (7th Cir. Dec. 29, 2017) (quoting *Farmer*, 511 U.S. at 837). Although Plaintiff alleges that prison officials were generally aware of his many medical conditions, including his diabetes, hypertension, nerve damage, etc., Plaintiff does not allege that he notified any of them about the medical complications that resulted from his exposure to cold temperatures, such as swelling, pain, and bleeding that he describes in the Complaint. (Doc. 1, p. 5). Prison officials who lack knowledge of an inmate's pressing medical needs cannot be found deliberately indifferent for failing to detect those needs. Count 2 shall be dismissed without prejudice for failure to state a claim upon which relief may be granted.

**Count 3**

No due process claim arises from the prison officials' mishandling of Plaintiff's grievances. Prison grievance procedures are not constitutionally mandated and thus do not implicate the Due Process Clause per se. As such, the alleged mishandling of grievances "by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). *See also Grieveson v. Anderson*, 538 F.3d 763, 772 n.3 (7th Cir. 2008); *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996). Accordingly, Count 3 shall be dismissed with prejudice for failure to state a claim upon which relief may be granted.

**Motion for Temporary Restraining Order**

Plaintiff seeks a Temporary Restraining Order ("TRO") compelling officials at

Pinckneyville to immediately turn on the heat in his cell, *i.e.*, Cell 6A-25, and keep it on during the winter months. (Doc. 6). He alleges that he may "lose a limb" unless heat is restored. (Doc. 1, p. 5). The allegations do not suggest that the heater in his cell is broken; it is simply not utilized. *Id*. At the same time, outside temperatures at Pinckneyville have dropped to dangerously frigid levels and are forecast to remain that way for ten or more days, making it clear that we are indeed facing the "dead of winter:"[1]

| Temperature (Fahrenheit) | 1/4/18 | 1/5/18 | 1/6/18 | 1/7/18 | 1/8/18 | 1/9/18 | 1/10/18 | 1/11/18 | 1/12/18 | 1/13/18 |
|---|---|---|---|---|---|---|---|---|---|---|
| Low | 12º | 5º | 17º | 31º | 22º | 28º | 35º | 26º | 21º | 16º |
| High | 19º | 22º | 24º | 37º | 37º | 42º | 46º | 45º | 32º | 30º |

A TRO is an Order issued without notice to the party to be enjoined, and it may last no more than 14 days. FED. R. CIV. P. 65(b)(2). A TRO may issue without notice *only* if: (A) specific facts in an affidavit or a verified complaint clearly show that *immediate and irreparable injury, loss, or damage* will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required. FED. R. CIV. P. 65(b)(1) (emphasis added). With the exception of (B), the Court finds that these requirements are satisfied by the allegations in the Complaint and in the Motion for TRO. Plaintiff's exposure to cold cell temperatures, when combined with persistent, frigid outside temperatures and numerous medical conditions that are allegedly exacerbated by the cold temperatures, now necessitate the issuance of a TRO.

Accordingly, the Motion for **TRO** is **GRANTED**. Warden Jaimet and Assistant Warden Thompson are hereby **ORDERED** to take all necessary steps to ensure that the heater in

---

[1] See https://www.wunderground.com/forecast/us/il/pinckneyville. *See also Bova v. U.S. Bank, N.A.,* 446 F. Supp. 2d 926, 930 n.2 (S.D. Ill. 2006) (a court may judicially notice public records available on government websites) (collecting cases).

Plaintiff's cell (Cell 6A-25) is restored to working order, fully functioning, and turned on during the winter months. The temperature in Plaintiff's cell should remain between 60º F and 70º F at all times.

### Pending Motions

**1.    Motion for Leave to Proceed IFP (Doc. 2) and Waive Initial Filing Fee (Doc. 5)**

Plaintiff has filed a Motion for Leave to Proceed *in forma pauperis* and a Motion to Waive Initial Partial Filing Fee, both of which shall be addressed in a separate court order.

**2.    Motion for Recruitment of Counsel (Doc. 3)**

Plaintiff's Motion for Recruitment of Counsel shall be **REFERRED** to a United States Magistrate Judge for a decision.

**3.    Motion for Service of Process at Government Expense (Doc. 4)**

Plaintiff's Motion for Service of Process at Government Expense is **DENIED** as unnecessary. Because Plaintiff seeks leave to proceed as a poor person in this § 1983 action, service of this lawsuit on the defendants will be ordered as a matter of course below.

**4.    Motion for Preliminary Injunction (Doc. 6)**

Plaintiff's Motion for Preliminary Injunction shall be **REFERRED** to a United States Magistrate Judge for prompt disposition.

### Disposition

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Temporary Restraining Order brought pursuant to Rule 65(b) of the Federal Rules of Civil Procedure is **GRANTED effective 7:23 a.m. on January 5, 2018**. Plaintiff has demonstrated that the cold temperatures in his cell, combined with frigid winter temperatures in the forecast in Pinckneyville, Illinois, will cause him irreparable harm in the form of harm to his immediate health and safety. For this reason, the

TRO is issued without prior notice to the parties and consistent with Rule 65(b)(2). Warden Jaimet and Assistant Warden Thompson are hereby **ORDERED** to take all necessary steps to ensure that the heater in Plaintiff's cell (Cell 6A-25) is restored to working order, fully functioning, and turned on during the winter months. The temperature in Plaintiff's cell should remain between 60º F and 70º F at all times.

**IT IS ORDERED** that **COUNT 1** is subject to further review against Defendants **WARDEN K. JAIMET** and **ASSISTANT WARDEN SCOTT THOMPSON**.

**IT IS ORDERED** that **COUNT 2** is **DISMISSED** without prejudice and **COUNT 3** is **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted.

**IT IS ORDERED** that Defendants **JOHN DOES** are **DISMISSED** without prejudice from this action because the Complaint fails to state a claim for relief against them.

With respect to **COUNT 1**, the Clerk of Court shall prepare for Defendants **WARDEN K. JAIMET** and **ASSISTANT WARDEN SCOTT THOMPSON**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each defendant's place of employment as identified by Plaintiff. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, the defendant's last-known address. This information shall be used only for sending

the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Stephen C. Williams** for further pre-trial proceedings, including a decision on Plaintiff's Motion for Recruitment of Counsel (Doc. 3) and prompt disposition of the Motion for Preliminary Injunction (Doc. 6).

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Williams for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not

independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

    **IT IS SO ORDERED.**

    **DATED: January 5, 2018**

                                                s/ MICHAEL J. REAGAN
                                                **Chief Judge**
                                                **United States District Court**